CHARLES LINGLE et al.

v.

THE PEOPLE ex rel. Kochersperger, County Treasurer.

*Opinion filed April 21, 1898.*

1. The chief objections raised by appellants in this case are in effect the same as those raised in *Doremus* v. *People*, *(ante*, p. 63,) which were there held to be insufficient, and that decision is conclusive as to such objections.

2. APPEALS AND ERRORS—*additional objections cannot be considered on appeal.* Objections not shown to have been included with those made in the collector's application for judgment of sale will not be considered on appeal.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

GEORGE W. WILBUR, for appellants:

The warrant is an indispensable part of the tax books, and it is that which confers power upon the collector to levy and distrain for the payment of the tax. *Ream* v. *Stone*, 102 Ill. 359.

The report of the collector is what gives the court jurisdiction to act on the application for judgment in such cases, and unless the law in this respect is substantially complied with the court can have no authority to act in the case. *People* v. *Otis*, 74 Ill. 384; *Morrill* v. *Swartz*, 39 id. 108; *Charles* v. *Waugh*, 35 id. 315; *Fox* v. *Turtle*, 55 id. 377; *Marsh* v. *Chesnut*, 14 id. 223.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

This is an appeal from a judgment of sale on a delinquent special assessment entered in favor of appellee, against the property of appellants. Appellants appeared

and filed their objections to the entering of a judgment of sale. The tenth and eleventh objections are the ones relied on in this appeal, and are as follows:

10. "The proceedings herein for judgment of sale against the property of these objectors are void, because the clerk of said county court did not certify the assessment roll and judgment to the clerk or city collector of said city of Chicago; neither did said clerk or city collector of said city of Chicago file such certificate in his office; neither did he issue a warrant for the collection of said special assessment in the manner required by law.

11. "The application for judgment of sale herein is void, because the alleged warrant herein for the collection of said assessment does not contain a copy of the certificate of judgment, describing the lots, blocks, tracts and parcels of land assessed, and the respective amounts assessed on each lot, block, tract or parcel of land; neither was said alleged warrant delivered to the officer authorized by law to collect said special assessment."

These objections are, in effect, the same which were raised in *Doremus* v. *People,* (*ante,* p. 63,) involving the validity and form of the warrant, and which in that case were determined adversely to the contention of appellants here, and that ruling must be held conclusive on the question as presented in this record.

The contention of appellants that no legal and valid judgment of confirmation was ever entered against their property does not appear to have been made by the objection as filed in the county court, as appearing in the record and as set forth in the abstract. Not having been presented to the lower court for its consideration at the time application for judgment was made, that objection cannot for the first time be raised here.

The judgment of the county court of Cook county is affirmed.          *Judgment affirmed.*